09-3286-ag
Huang v. Holder

BIA
Nelson, IJ
A094 800 149

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand ten.

PRESENT:

> ROBERT D. SACK,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges*.

_____

KAI DAN HUANG,
> *Petitioner*,

> v.                                09-3286-ag
>                                   NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:           Khaghendra Gharti-Chhetry, Chhetry & Associates, P.C., New York, New York.

FOR RESPONDENT:           Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kai Dan Huang, a native and citizen of the People's Republic of China, seeks review of a July 9, 2009, order of the BIA affirming the October 23, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kai Dan Huang*, No. A094 800 149 (B.I.A. Jul. 9, 2009), *aff'g* No. A094 800 149 (Immig. Ct. N.Y. City Oct. 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. In finding Huang not credible, the IJ found that: (1) although he testified that his mother

2

was beaten as a result of his resistance to the family planning policy, neither his asylum application nor his wife's letter made any such assertion; (2) he testified inconsistently regarding whether he first saw his wife at their home or at the hospital following her sterilization; (3) his testimony that family planning officials chased him to his house even though he ran to a friend's house was inconsistent and implausible; (4) his testimony that he was able to escape from five or six officials who were surrounding him and holding him down was implausible; and (5) his testimony that the officials did nothing to stop him from leaving, yet then decided to chase him to his home, was implausible. Although Huang argues that he adequately explained three of these discrepancies, no reasonable factfinder would have been compelled to credit his explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Huang does not challenge the remaining findings with any specificity, arguing only that they were too minor to support an adverse credibility determination. However, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is

3

not credible." *Xiu Xia Lin*, 534 F.3d at 167 (internal quotation marks omitted and emphasis in original).

Substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Huang was unable to meet his burden for asylum, he has necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Moreover, there is no merit to Huang's argument that the IJ erred by failing to conduct a separate analysis of his CAT claim because that claim too was based on the same factual predicate. *See id*.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4